IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSHUA RYAN BRIDGEWATERS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD P. MAURO et al.,<br><br>Defendants. | **MEMORANDUM DECISION &<br>DISMISSAL ORDER**<br><br>Case No. 2:19-cv-432 HCN<br><br>Howard C. Nielson Jr.<br>United States District Judge |

Plaintiff, Joshua Ryan Bridgewaters, an inmate at Salt Lake County Jail, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2019), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His Complaint is now before the Court for screening. *See id.* § 1915(e). Defendants also move for dismissal for failure to state a claim upon which relief may be granted.

## SCREENING ANALYSIS

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Complaint alleges violations of his rights to due process and effective assistance of counsel by Salt Lake Legal Defender Association employees, Richard Mauro (director), Heather Chesnut (defense counsel), and Joshua Snow (defense counsel).

### C. Supervisory Liability

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal

participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Based on this standard, Plaintiff has done nothing to affirmatively link Defendant Mauro to a violation of his constitutional rights, but has instead identified him merely as a supervisor. Plaintiff's claim against him may not survive this screening then. Defendant Mauro is thus dismissed as a defendant.

### D. State-Actor Requirement

To establish a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) one acting under color of state law (without immunity). *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

Defendants are named based on their role as Plaintiff's government-appointed defense counsel. The following rule thus applies: "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)).

Defendants were not state actors, as they must be for Plaintiff to assert federal civil-rights claims against them. So, Plaintiff's claims against them may not proceed here.

**ORDER**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. (Doc. No. 13.) Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2019), for failure to state a claim on which relief may be granted. And, neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

DATED this 18th day of December, 2019.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge